**Commonwealth v. Turner**

C.P. of Centre County, no. 2004-1507.

*Lance T. Marshall,* for Commonwealth.
*Kelley S. Gillette-Walker,* for defendant.

GRINE, *J.,* December 23, 2004—Before this court for consideration is the petition for writ of habeas corpus brought by defendant Dale R. Turner through his counsel. Defendant asserts in his petition that the Commonwealth failed to establish a prima facie case on the charges of sale or transfer of firearms, 18 Pa.C.S. §6111(g)(4) and falsification to authorities, 18 Pa.C.S. §4904 (b). For the reasons articulated below, this court agrees with defendant's argument and grants defendant's petition.

## PRELIMINARY DISCUSSION

On December 23, 2003, defendant went to Port's Sports Emporium located in Bellefonte, Centre County, Pennsylvania to pick up a firearm he won in a raffle. Before he could acquire the firearm, defendant was required to complete the Department of Treasury form "Firearms transaction record—Part I" (firearm application). Defendant completed and signed the form, and the sales associate called the information in to the Pennsylvania background check system. Defendant's firearm

application was denied, and the sales associate informed him thus. Petitioner expressed his confusion regarding the denial but substituted a rotor tiller for the prize-won firearm and left without incident.

Defendant was subsequently charged with sale or transfer of firearms and unsworn falsifications to authorities. A preliminary hearing was held in the matter on August 25, 2004, before District Justice Carmine Prestia. At the hearing, Trooper Brian L. Haubrick of the Pennsylvania State Police testified that defendant had been involuntarily committed to the Dubois Regional Medical Center pursuant to section 302 of the Mental Health Procedures Act (50 P.S. §7302). Prelim. hr'g. tr. at 9. At the conclusion of the hearing, District Justice Prestia bound the defendant over for trial on both charges.

Defendant filed his petition for writ of habeas corpus and memorandum in support of his petition on November 9, 2004, and a hearing was held on the matter on December 16, 2004. At the hearing no additional findings of fact, conclusions of law, or briefs were requested by the court, but the transcript of the preliminary hearing was submitted for the court's consideration.

## DISCUSSION

Defendant has been charged with violating 18 Pa.C.S. §6111(g)(4), sale or transfer of firearms, which states:

"Any person . . . who . . . knowingly and intentionally makes any materially false oral or written statement or willfully furnishes or exhibits any false identification intended or likely to deceive the seller . . . commits a felony of the third degree."

Defendant has also been charged with violating 18 Pa.C.S. §4904(b), unsworn falsification to authorities, which states:

"A person commits a misdemeanor of the third degree if he makes a written false statement, which he does not believe to be true, on . . . a form bearing notice, authorized by law to the effect that false statements therein are punishable."

Defendant asserts that the Commonwealth has not established its prima facie case. The central focus of defendant's argument is on question 12f of the firearms application which asks, "Have you ever been adjudicated mentally defective (which includes having been adjudicated incompetent to manage your own affairs) or have you ever been committed to a mental health institution?" Defendant is not arguing that he was never involuntarily committed under section 302 of the Mental Health Procedures Act. Defendant's argument concerns the question's use of words "mental institution."

The firearms application contains a "definitions" section; however it does not provide a definition for "mental institution." The Mental Health Procedures Act, which governs the policies and procedures in providing mental health treatment to individuals who need or seek such treatment, does not define "mental institution" either. The Mental Health Procedures Act only defines "facility" as "any mental health establishment, hospital, clinic, institution, center, day care center, base service unit, community mental health center, or part thereof, that provides for the diagnosis, treatment, care or rehabilitation of mentally ill persons, whether as outpatients or inpatients." 50 P.S. §7103.

The question then becomes what does "mental institution" mean within the firearms application? The defendant in the present case was committed to the mental health ward of the Dubois Regional Medical Center and released some time ago. Under the Mental Health Procedures Act, Dubois Regional Medical Center would qualify as a "facility," but there is nothing to indicate whether it would qualify as a "mental institution" under the firearms application.

The Commonwealth presented no evidence at the preliminary hearing that the Dubois Regional Medical Center qualified as a "mental institution" within the meaning of the application. "Institution" is defined in the dictionary as "an established organization or corporation (as a college or university) esp. of a public character; also: asylum." Merriam-Webster's Collegiate Dictionary, 606 (10th ed. 1998). "Asylum" is defined as "an institution for the care of the destitute or sick and esp. the insane." *Id.* at 72. Neither of these definitions would appear to this court to adequately describe the Dubois Regional Medical Center, which could be more aptly described as a hospital designed to deal with a variety of patients with varying ailments. This court is further convinced that no person of average intelligence admitted or committed to the mental health ward of a regional hospital or medical center would consider himself to have been committed to a "mental institution."

Absent any evidence that the Dubois Regional Medical Center fits within the firearms application's definition of "mental institution," the Commonwealth cannot establish that the defendant knew his commitment to the Dubois Regional Medical Center would require him to

answer "yes" to question 12f on the firearms application. Thus, the Commonwealth cannot establish that the defendant knowingly and intentionally provided a false statement when he answered "no" to question 12f on the firearms application. The Commonwealth did not, therefore, establish its prima facie case. Defendant's petition must be granted, and the charges must accordingly be dismissed.

The court enters the following order:

### ORDER

And now, December 23, 2004, after a hearing on the matter, it is hereby ordered and decreed that defendant's petition for writ of habeas corpus is granted.

The charges against defendant are accordingly dismissed.